UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAMION NEAL, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 4:16CV1879 RLW |
| TROY STEELE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Damion Neal's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). Because this Court has determined that Neal's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Neal's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

Neal was charged in Cause No. 1122-CR00649-01 with two counts of robbery first degree, one count of robbery second degree and two counts of armed criminal action. The charged crimes arose out of three incidents with three different victims and occurred on three different dates in

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

˘ 1 ˘

November and early December 2010. Following a jury trial, Neal was found not guilty of one of the robbery first degree counts and the corresponding armed criminal action count. Neal was found guilty of the remaining three counts and he was sentenced to two concurrent terms of twenty years and one concurrent term of fifteen years. The convictions were affirmed on appeal. *State v. Neal*, 436 S.W.3d 692 (Mo. Ct. App. 2014). On March 25, 2015, Neal's Rule 29.15 Motion was denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]n a §2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540

U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. GROUND ONE

Counts I and II involved a robbery on November 29, 2010. (Resp. Ex. D at 2). Counts III and IV charged Neal with a robbery that occurred on December 1, 2010. (Resp. Ex. D. at 3). Count V charged Neal with a robbery that occurred on November 12, 2010. (Resp. Ex. D at 2). Prior to trial, Neal filed a motion to sever Counts I and II from Counts III and IV, and that Count V should be severed from all other counts. The trial court denied the motion to sever. A jury found Neal guilty of Count III for First Degree Robbery, Count IV for Armed Criminal Action, and Count V for Second Degree Robbery. (Resp. Ex. H. at 4). The jury acquitted Neal on Counts I and II of robbery in the first degree and armed criminal action. (Resp. Ex. D. at 2-3).

In his single ground for relief, Neal maintains that Counts III and IV of his indictment should have been severed from Count V because Counts III and IV were not similar to Count V and were

not part of a common scheme or plan. (ECF No. 1 at 5). Neal raised this argument on direct appeal and the Missouri Court of Appeals denied it. (Resp. Ex. H at 4-9).

Under the Missouri Rules of Criminal Procedure, "[a]ll offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.". Mo. Stat. Crim. R. 24.05. Rule 24.05 appears to have been based on Fed.R.Crim.P. 8(a), which contains virtually the same language. *Robinson v. Wyrick*, 735 F.2d 1091, 1094 (8th Cir. 1984); Fed. R. Crim P. 8(a) ("The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.").

The Misouri Court of Appeals recently articulated the standard for joinder of offenses:

> "Liberal joinder of offenses is favored to achieve judicial economy, and the trial court's decision should be based solely on the State's evidence." *State v. Langston*, 889 S.W.2d 93, 96 (Mo. App. E.D. 1994). "'Connected' has its ordinary meaning and includes 'united ... by dependence or relation, or by order in a series' and 'joined or linked together [in] a series, having the parts or elements logically related.' " *Smith*, 389 S.W.3d at 209 (quoting *State v. McKinney*, 314 S.W.3d 339, 341-42 (Mo. banc 2010)); *see also State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998) (" 'Connected' is defined as: '[j]oined; united by junction, by an intervening substance or medium, by dependence or relation, or by order in a series.' " (quoting Black's Law Dictionary 302 (6th ed. 1990)); *State v. McDonald*, 321 S.W.3d 313, 318 (Mo. App. S.D. 2010) (holding that "connected" includes "things that are joined or linked together in a series or that have logically related parts or elements").

*State v. Collins*, 527 S.W.3d 176, 182 (Mo. Ct. App. 2017).

Here, the Missouri Court of Appeals found that joinder was appropriate because it appeared that "the charged offenses shared similarities justifying the trial court's decision to

permit joinder and not to sever." (Resp. Ex. D at 6-7). The offenses were all robberies, the victims were all women who were alone, and all involved two assailants. *Id.* All robberies sought the victims' money, handbags and valuables on their persons. *Id.* And, all robberies occurred within less than a two-mile radius of each other and within nineteen days. *Id.*

To obtain federal habeas corpus relief, the joinder "must actually render petitioner's state trial fundamentally unfair and hence, violative of due process." *Robinson v. Wyrick*, 735 F.2d 1091, 1094 (8th Cir. 1984) (citing *Tribbitt v. Wainwright,* 540 F.2d 840 (5th Cir.1976)). In the present case, there has been no showing that Neal was prejudiced. "In determining whether actual prejudice exists when alleging an error with regard to the severance of charges, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact could realistically distinguish the evidence or apply the law to each offense." *State v. Love*, 293 S.W.3d 471, 477 (Mo. Ct. App. 2009) (citing *State v. Conley,* 873 S.W.2d 233, 238 (Mo. banc 1994)). As noted by the Missouri Court of Appeals, "the evidence was uncomplicated and distinct, allowing the trier of fact to apply the evidence to each offense and distinguish between the offenses." (Resp. Ex. D at 8). The three victims testified briefly and uncomplicatedly at trial regarding the events of the robberies. (*Id.*) In addition, "the jury received proper instructions to return separate verdicts for each individual offense." (Resp. Ex. D at 8). Neal presented no evidence to cast doubt on the Missouri Court of Appeals' decision. In fact, the jury found Neal not guilty of Counts I and II, so it appears that the jurors were able to distinguish between the charges for each of the robberies. The Missouri Court of Appeals's decision denying relief is entitled to deference under 28 U.S.C. § 2254(d), and the Court denies Neal's Petition for a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that Damion Neal's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.


Dated this 25th day of October, 2019.

                                                   */s/ Ronnie L. White*
                                                   RONNIE L. WHITE
                                                   UNITED STATES DISTRICT JUDGE